

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

– against –

WARREN JOHNSON,

     Defendant.

09-CR-81

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

  A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

  The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On February 24, 2009, Warren Johnson pleaded guilty to a single-count information which charged that between July 26, 2005 and February 26, 2008, the defendant, together with others, conspired to a) defraud financial institutions and others by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds and b) defraud financial institutions by means of materially false and fraudulent pretenses, representations and promises, in violation of 18 U.S.C. §§ 1343, 1344, and 1349.

Johnson was sentenced on May 25, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be twenty four and the defendant's criminal history category to be category I, yielding a guidelines range of imprisonment between fifty-one and sixty-three months. The calculation of the total offense level included an eighteen-point enhancement because the defendant is accountable for a total loss of $5,166,900, and a two-point enhancement because twelve mortgage companies were victims of the conspiracy. There was also a three-point adjustment for acceptance of responsibility. The offense carries a maximum term of imprisonment of thirty years. 18 U.S.C. §§ 1343, 1344, 1349. The guidelines range of fine is between $12,500 and $1,000,000 with a statutory maximum of $10,333,800. 18 U.S.C. § 3571(d). An order of restitution was mandatory. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1.

Johnson was sentenced to three years' probation. A $100 special assessment was imposed. Restitution was ordered in the amount of $5,166,900 owed to defendant's victims, due and payable forthwith. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*. The court departed from the guidelines pursuant to the government's 5K1.1 letter, and in light of the fact that Johnson's cooperation has been instrumental in the government's understanding of the conspiracy and in the conviction of Venecia DeSilva and other defendants. 18 U.S.C. § 3553(e).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The defendant came to the United States when he was two, and, except for a brief six years, has lived here ever since. Upon completion of high school, he joined the Navy and served for six years; his service was terminated honorably because of a herniated disk. Throughout his adult life, Johnson has used drugs including marijuana, beginning when he was thirteen, and cocaine. Government officials were aware of his drug addiction when he began cooperating with them. His counselor states that the defendant is committed to overcoming his drug habit and trying hard to do so. Johnson is currently enrolled in a drug treatment program at a Veterans' Administration Hospital.

A sentence of three years' probation is appropriate in this case. Johnson began cooperating with the government when he was approached in early 2009, and he was forthcoming and honest from the very beginning. The information he provided allowed the government to gain insight into the fraud and the evidence they had against the other defendants. He also testified in open court against his co-conspirators. Johnson's sentence reflects the

substantial assistance he provided the government, his fine military record, and his other personal circumstances.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied by the sentences imposed on the other defendants in the conspiracy. Specific deterrence is not required in this case, because it is unlikely that the defendant will engage in criminal activity again given his dedication to overcoming his addiction and his extreme cooperation with the government.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: May 26, 2011
Brooklyn, New York